IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OAK LAWN RESPIRATORY AND REHABILITATION CENTER, LLC, an Illinois Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES SMALL BUSINESS ADMINISTRATION; ISABELLA CASILLAS GUZMAN, in her official capacity as Administrator of the Small Business Administration; JANET YELLEN, in her official capacity as United States Secretary of Treasury; and THE UNITED STATES OF AMERICA,<br><br>    Defendants. | CASE NO. 1:23-cv-04363<br><br><br>**COMPLAINT** |

Plaintiff Oak Lawn Respiratory and Rehabilitation Center, LLC ("Oak Lawn"), by and through its counsel of record, and for its claims for relief against Defendants, the United States Small Business Administration ("SBA"), Isabella Casillas Guzman in her official capacity as Administrator of the SBA, Janet Yellen in her official capacity as United States Secretary of Treasury, and the United States of America, states and alleges as follows:

**NATURE OF THE ACTION**

1.  In order to mitigate the economic devastation caused by the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). Congress's purpose in adopting the CARES Act was to ensure continued employment and income for the millions of Americans employed by small businesses. To accomplish that critical goal, Congress created the Paycheck Protection Program ("PPP"), which authorizes the SBA to guarantee hundreds of billions of dollars in loans to small

businesses. PPP loans were to be made by private lenders, and Congress pledged to forgive these loans (i.e., the federal government would reimburse the bank) provided that, *inter alia*, the borrowers used most of the proceeds to pay employees' wages. *See* 15 U.S.C. §§ 636(a)(36), 9005-06.

2. "The PPP is a *new* loan program to be administered by the SBA under Section 7(a) of the Small Business Act (codified at 15 U.S.C. § 636(a)). Its purpose is to assist small businesses during the COVID-19 crisis by immediately extending them loans on favorable terms." *Camelot Banquet Rooms, Inc. v. U.S. Small Bus. Admin.*, 458 F. Supp. 3d 1044, 1050 (E.D. Wis. 2020) (emphasis added). Section 1106 of the CARES Act "provides that a borrower's indebtedness under a PPP loan will be forgiven to the extent that the borrower uses the funds to pay expenses relating to payroll, mortgage interest, rent, and utilities during the eight-week period following the loan's origination." *Id.* (citing Interim Final Rule, Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,811, 20,813-14 (Apr. 15, 2020)).

3. Historically, prior to the CARES Act's enactment, the SBA treated certain classes of businesses as ineligible for other SBA lending programs. *See* 13 C.F.R. § 120.110. Aware of this, Congress purposefully intended that the CARES Act would "[i]ncrease[] eligibility" for forgivable PPP loans, *id.* § 636(a)(36)(D), making them widely available to small businesses across the commercial spectrum. Congress did so by establishing specific, limited criteria for PPP loan guarantee eligibility and by providing unambiguously that "*any* business concern . . . *shall* be eligible" for a forgivable PPP loan if it met those criteria. *Id.* § 636(a)(36)(D) (emphasis added).

4. Relying on this expanded eligibility, Oak Lawn, a skilled nursing, respiratory, and rehabilitation center, applied for a PPP loan on April 6, 2020. The SBA approved the loan under

the PPP's expanded eligibility criteria on April 30, 2020, and the lender disbursed Oak Lawn's PPP loan on May 15, 2020.

5.      "An eligible recipient **shall** be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds are used for certain payroll expenses.  CARES Act § 1106(b), (d) (emphasis added); Paycheck Protection Program Flexibility Act ("Flexibility Act"), Pub. L. No. 116-142, 134 Stat. 641, § 3(b) (2020).  The SBA is required to reimburse the private lender for any PPP loan determined eligible for forgiveness.  CARES Act § 1106(c)(3).  PPP loan recipients must submit forgiveness applications to be considered.  *Id.* § 1106(e).  But Section 1106(b) of the CARES Act provides for forgiveness of a PPP loan only if the borrower was an "eligible recipient" of the PPP loan to at the time it applied for the PPP loan.

6.      Despite clear direction from the CARES Act, the SBA adopted its first Interim Final Rule, effective April 15, 2020, which imposed its pre-COVID-19, pre-CARES Act exclusions on PPP loan eligibility (the "First IFR").

7.      Although SBA published its intention to issue the First IFR on April 2, 2020, it expressly stated that the First IFR would not take effect until April 15, 2020.

8.      The SBA thereafter adopted six total Interim Final Rules.

9.      The Sixth Interim Final Rule, the rule at issue in this case, had a posted effective date of May 4, 2020 (the "Sixth IFR").  The Sixth IFR imposes restrictions on the amount of loans a single "corporate group" could receive in PPP loans, and it retroactively applied this requirement to all loans that had not been fully disbursed by April 30, 2020.

10.      The concept of this "corporate group" limitation was solely a formation of the SBA in the Sixth IFR.

11.    The Sixth IFR lacks any basis in, and is directly contrary to, the plain text, purpose, and context of the CARES Act.

12.    After enactment of the Interim Final Rules, on March 11, 2021, Congress enacted the American Rescue Plan Act, Pub. L. No. 117-2, 135 Stat. 4 (Mar. 11, 2021) (the "Rescue Plan"). The Rescue Plan "expanded the eligibility for PPP loans to certain non-profit entities, and in doing so it again expressly incorporated the limitations embodied in the SBA's regulations under 13 C.F.R. § 120.110," which is the pre-COVID-19, pre-CARES Act exclusions on eligibility. *Nat'l Ass'n of Home Builders v. United States SBA*, No. 20-11780, 2021 U.S. Dist. LEXIS 186548, at *32 (E.D. Mich. Sep. 28, 2021). "The disqualification enacted in the [Rescue Plan] was included in verbatim provisions of the PPP 'second-round' enabling statute. The inclusion of additional explicit constraints in the later enactments reinforces rather than contradicts the conclusion that such limitations deliberately were omitted by Congress when it authorized the first round of PPP." *Id.*

13.    The only maximum borrowing limit that Congress placed on loan amounts under both the PPP and the Rescue Plan was to limit loans to no more than $10,000,000 per single eligible borrower. CARES Act, § 1102(1)(E)(ii); 15 U.S.C. § 636(a)(36)(E)(ii). Congress never adopted a limitation for a maximum cap on "corporate groups." *See id.*

14.    The SBA is applying corporate group limitations in the Sixth IFR to refuse to forgive loans it granted to businesses – including Oak Lawn – that applied for a PPP loan in reliance on Congress's promise of loan forgiveness *prior to the SBA's adoption of the Sixth IFR on May 4, 2020*. Small businesses risked their financial security by keeping employees on payroll during the COVID-19 pandemic with the benefit of PPP loans they were eligible to receive at the time they applied for them, *and* at the time that the SBA approved them. Now, having done

everything that Congress required of them, businesses are told that they must repay their loans because of the SBA's unlawful application of the Sixth IFR.

15.     This action under the Administrative Procedure Act ("APA") challenges the SBA's adoption of the Sixth IFR, and its application to Oak Lawn.  Specifically, Oak Lawn seeks a declaration that the Sixth IFR is unenforceable with respect to its PPP loan forgiveness application.

16.     Because the Sixth IFR renders statutorily eligible business concerns ineligible for PPP loans or loan forgiveness in clear violation of the CARES Act, the Court should "hold unlawful and set aside" the Sixth IFR.  5 U.S.C. § 706(2).

17.     Further, because the SBA applied retroactively the Sixth IFR, which was effective on May 4, 2020, to Oak Lawn's loan, which it approved on April 30, 2020, the Court should "hold unlawful and set aside" the Sixth IFR as applied to Oak Lawn as an impermissible retroactive application of the law.  *Id.*

18.     Notwithstanding, the decision of the SBA's Office of Hearings and Appeals ("OHA") should be reversed as arbitrary, capricious, an abuse of discretion, and not in accordance of law because it wrongfully found Oak Lawn as part of a corporate group.

**PARTIES**

19.     Oak Lawn is a small business based out of Chicago, Illinois, that runs a skilled nursing, respiratory, and rehabilitation center.

20.     SBA is an independent federal agency created and authorized pursuant to 15 U.S.C. § 633 *et seq*.  Under the CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), the SBA administers the PPP.

21.     Defendant Isabella Casillas Guzman is the Administrator of the SBA, and is sued only in her official capacity.  Because she is the officer with final authority for administering the

PPP within the SBA, Administrator Guzman is a proper defendant for causes of action brought under the APA.

22.     Defendant Janet Yellen is the Secretary of the United States Department of Treasury, and is sued only in her official capacity.

23.     Defendant United States of America is a proper defendant in APA cases. *See* 5 U.S.C. § 702.

## JURISDICTION AND VENUE

24.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

25.     Oak Lawn has standing to seek review of the Sixth IFR because the SBA has used the rule to deny Oak Lawn's loan forgiveness application.

26.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e).

27.     The SBA's Sixth IFR is a final agency action under 5 U.S.C. § 704.

28.     Oak Lawn is entitled to judicial review of the SBA's decision on Oak Lawn's loan forgiveness application, and the OHA's Decision following appeal of the same.  *See* 13 C.F.R. § 134.1211(g).

## FACTUAL BACKGROUND

29.     Oak Lawn is a Manager-Managed Limited Liability Company.

30.     Oak Lawn is a small skilled nursing, respiratory, and rehabilitation center located in Chicago, Illinois.

31.     Oak Lawn is not a holding or parent company, nor does it have a holding or parent company.

32.     At all times relevant, Oak Lawn had the following ownership structure: Michael Blisko ("Blisko") individually owns 50%, and Gubin Enterprises Limited Partnership, LP ("Gubin Enterprises") owns 50%.

33.     Gubin Enterprises is owned by several trusts, where the beneficial ownership rests with four individuals.   Blisko has no ownership interest in Gubin Enterprises.

34.     Oak Lawn is managed by Blisko.

35.     Oak Lawn suffered significant harm during the COVID-19 pandemic.  As a result of this harm, Oak Lawn considered terminating some of its employees and reducing the wages of other employees in order for its business to survive.

36.     Before promulgating any of the Interim Final Rules, the federal agencies responsible for implementing the PPP had touted the program as providing payroll assistance to any business with fewer than 500 employees.  *See*, *e.g.,* SBA, *Financial Assistance from the US SBA for Small Businesses and Non-Profits*, (Mar. 31, 2020) ("Businesses . . . with 500 or fewer employees may apply."); U.S. Dep't of Treas., *Small Business Paycheck Protection Program*, (Mar. 31, 2020) ("All Small Businesses Eligible"); *see also* 15 U.S.C. § 636(a)(36)(D).

37.     On or around April 6, 2020, in the face of financial hardship and challenging decisions, Oak Lawn submitted a PPP Borrower Application to Fifth Third Bank, National Association (the "Lender") for a forgivable PPP loan in the amount of $954,000.00 to mitigate business losses and enable it to retain its employees through the economic downturn.

38.     Oak Lawn was approved for a PPP loan by the Lender on April 30, 2020.  At the time of the approval, it operated under the provisions stated by Congress, which provided that loans were for all businesses that met the size requirements for small businesses.

39.     Oak Lawn's PPP loan was approved on April 30, 2020.

40.     Loan proceeds were distributed to Oak Lawn on or around May 15, 2020.

41.     Oak Lawn used its loan proceeds to meet payroll and other expenses permitted by the CARES Act.  Oak Lawn used at least 60 percent of the loan proceeds for payroll.  While it experienced various operational challenges caused by the pandemic, Oak Lawn was able to retain its working employees at the same payroll with the assistance of the PPP loan.  Oak Lawn did not reduce any of its employees' wages or terminate any of its employees because of the PPP loan.

42.     On or around June 24, 2021, as it was permitted to do so under the CARES Act, Oak Lawn submitted a PPP Loan Forgiveness Application (Form 3508) to the Lender, requesting forgiveness for its full PPP loan amount.

43.     The Lender determined Oak Lawn should receive partial loan forgiveness in the amount of $781,000.86 and submitted its decision to the SBA for final review.

44.     On February 3, 2022, the SBA issued a final PPP loan review decision finding Oak Lawn ineligible for PPP loan forgiveness (the "Decision"), stating that Oak Lawn was "part of a corporate group" that received "more than $20,000,000 of PPP loans in the aggregate" based on the Sixth IFR.

45.     Oak Lawn did not receive this decision until February 4, 2022.

46.     On March 7, 2022, Oak Lawn timely submitted an appeal of the Decision to the OHA, clearly showing that Oak Lawn is not part of a "corporate group" under a plain reading of the Sixth IFR.  It also argued that the SBA's decision was contrary to the plain language of the CARES Act and the SBA's implementing rules, arbitrary and capricious, and contrary to the facts. Arguments were made that the Sixth IFR was fatally vague and exceeded the scope of authority delegated to the SBA by Congress.

47.     In response, the SBA argued that Oak Lawn was part of a corporate group with 61 other companies that received PPP loans in excess of $20,000,000.

48.     On or around August 3, 2022, the OHA denied Oak Lawn's appeal.  The August 3, 2022 OHA Decision is attached hereto as **Exhibit A.**

49.     In its Decision, despite neither Blisko or Gubin Enterprises owning the majority of Oak Lawn, the OHA found that Blisko and Gubin Enterprises constitute a "parent" company as they are a "functioning partnership . . . whether or not the partnership is subject of a formal written agreement, or whether the two intended that they form a partnership."   Because the OHA found Blisko and Gubin Enterprises to be a partnership, the OHA held that the "partnership is the 'common parent' of [Oak Lawn] and 203 other companies in a 'corporate group,' of which companies of the partnership of Blisko and Gubin Enterprises owns 100%."

50.     The OHA further found that it did not have authority to decide whether the Sixth IFR was contrary to the plain language of the CARES Act.

51.     The OHA's Decision became final on September 2, 2022, 30 days after the OHA published its Decision.  *See* 13 C.F.R. § 134.1211(b).

52.     The retroactive application of the Sixth IFR to Oak Lawn has harmed, and will continue to harm, Oak Lawn.  In the midst of fluctuating economic uncertainty driven by the pandemic, Oak Lawn now has to worry that the loan forgiveness it reasonably expected will ultimately not be available.  Oak Lawn will now have to divert resources from other endeavors to pay off the unforeseen loan obligation.  The likelihood that its loan will not be forgiven requires Oak Lawn to take costly steps in order to mitigate the financial impact of having to repay the PPP loan which could lead to curtailing parts of the business to generate cash and could even lead to laying off the employees it was able to retain during the pandemic due to the PPP loan.

53.     Oak Lawn certified its eligibility for a PPP loan in good faith.  Nevertheless, it now

fears that it could be held liable based on its PPP loan application for its application for loan

forgiveness.

54.     Oak Lawn reasonably relied on the SBA's approval of its PPP loan on April 30,

2020, as well as the SBA's prior representations, that the PPP loans would be forgiven so long as

Oak Lawn was eligible.

55.     Numerous other courts have held that the Interim Final Rules issued by the SBA

are contrary to law, exceed the SBA's statutory authority, and are arbitrary and capricious.  *See*

*DV Diamond Club v. Small Business Administration,* 960 F.3d 743, 746-47 (6th Cir. 2020)

(denying a motion for stay of injunction barring the First IFR's application to business owners

who were previously ineligible for SBA lending programs, finding that the business owners had a

substantial likelihood of success on their claim that the rule conflicted with the CARES Act); *Nat'l*

*Ass'n of Home Builders v. U.S. Small Business Administration*, No. 2011780, 2021 U.S. Dist.

LEXIS 186548, at *35 (E.D. Mich. Sept. 28, 2021) (enjoining the SBA from denying PPP loans

to otherwise-qualified applicants on the basis of the First IFR, given the First IFR exceeded the

SBA's statutory authority)[1];*Camelot Banquet Rooms, Inc. v. U.S. Small Bus. Admin.*, 458 F. Supp.

3d 1044, 1050 (E.D. Wis. 2020) (holding that the First IFR exceeds statutory authority); *Camelot*

*Banquet Rooms, Inc. v. U.S. Small Bus. Admin.*, No. 20-1729 (7th Cir. May 20, 2020) (order)

(denying the SBA's motion for a stay pending appeal); *In re Gateway Radiology Consultants*,

P.A., No. 8:19-BK-04971-MGW, 2020 WL 3048197, at *19 (Bankr. M.D. Fla. June 8, 2020)

(enjoining the SBA's attempt to "disqualify[] an entire class of troubled small businesses—perhaps

---

[1] This case was vacated by the Sixth Circuit Court of Appeals pursuant to settlement between the parties.  *See Nat'l Ass'n of Home Builders v. United States Small Bus. Admin.*, No. 21-1765, 2023 U.S. App. LEXIS 908 (6th Cir. Jan. 13, 2023).

those who need it the most— from obtaining grants to pay employees so their workers don't lose their jobs"); *In re Skefos*, No. 19-29718-L, 2020 WL 2893413, at *13 (Bankr. W.D. Tenn. June 2, 2020) ("SBA acted arbitrarily and capriciously in excluding applicants whose owners are debtors in bankruptcy from the PPP."); *In re Roman Catholic Church of Archdiocese of Santa Fe*, No. 18-13027 T11, 2020 WL 2096113, at *7 (Bankr. D.N.M. May 1, 2020) (holding that the SBA's First IFR "constitutes a usurpation of Congressional authority to determine which businesses are eligible for PPP funds").

56.     Further, the OHA's decision applying a "partnership" between Blisko and Gubin Enterprises is contrary to law, exceeds the SBA's statutory authority, and is arbitrary and capricious.  As such, even if the Sixth IFR was proper under the law, which it is not, Oak Lawn disagrees that it is part of a corporate group as the OHA sets forth in its Decision.  The OHA's Decision finding Oak Lawn as part of a corporate group was arbitrary, capricious, an abuse of discretion, and not in accordance with the facts and the law.

**COUNT ONE**
**Agency Action Contrary to Law**
**Loan Application Submitted Before Sixth IFR**
**5 U.S.C. §706(2)(A), (C)**

57.     Oak Lawn incorporates the foregoing paragraphs as if fully set forth herein.

58.     The APA authorizes judicial review of federal agency actions.  5 U.S.C. §702.

59.     The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."  *Id.* § 706(2)(A), (C).

60.     The Sixth IFR, 85 Fed. Reg. 26324, states explicitly that "[t]his rule is effective May 4, 2020."

61.     The Sixth IFR further provides that "SBA has drafted this rule, to the extent practicable, in accordance with the standards set forth in section 3(a) and 3(b)(2) of the Executive Order 12988, to minimize litigation, eliminate ambiguity, and reduce burden. *The rule has no preemptive or retroactive effect*." (emphasis added).

62.     The Sixth IFR provides a limitation on the amount of PPP loans a single corporate group can receive, stating that "businesses that are part of a single corporate group shall in no event receive more than $20,000,000 of PPP loans in the aggregate." The Sixth IFR defines a corporate group as businesses that "are majority owned, directly or indirectly, by a common parent."

63.     The Sixth IFR inconsistently provides that the corporate group "limitation shall be immediately effective with respect to any loan that has not been fully disbursed as of April 30, 2020."

64.     On April 6, 2020, Oak Lawn submitted its PPP loan application to the Lender.

65.     Oak Lawn's eligibility was based solely on the laws, rules, and guidance in effect at the time of its PPP loan application. *See* Paycheck Protection Program Loans Frequently Asked Questions as of July 29, 2021, Question 17 ("Borrowers and lenders may rely on the laws, rules, and guidance available **at the time of the relevant application**.") (emphasis added); *see* Interim Final Rule, Business Loan Program Temporary Changes; Paycheck Protection Program – Loan Forgiveness Requirements and Loan Review Procedures as Amended by Economic Aid Act, p. 46 ("The Administrator has determined that to be an eligible recipient that is entitled to forgiveness under section 7A(b), the borrower must be an 'eligible recipient' under section 7(a)(36) and section 7(a)(37) of the Small Business Act and rules and guidance available **at the time of borrower's loan application**."); 13 C.F.R. § 121.302 ("The size of an applicant for SBA financial assistance is determined **as of the date the application** for financial assistance is accepted for processing by

the SBA . . . . Changes in size after the applicable date when size is determined will not disqualify an applicant for assistance.") (emphasis added).

66.     On April 30, 2020, the SBA approved Oak Lawn's loan application, and proceeds were disbursed on May 15, 2020.

67.     At no point during the application and approval process was the Sixth IFR in effect and applicable to Oak Lawn.  As such, notwithstanding the fact that Oak Lawn was not part of a corporate group, even if it was, Oak Lawn was eligible for its PPP loan at the time it applied for the loan and up through May 4, 2020, the effective date of the Sixth IFR.

68.     Oak Lawn used its PPP loan proceeds for payroll expenses and other eligible expenses under the CARES Act.

69.     The CARES Act, as amended, provides that all such "*eligible recipient[s] shall* be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll expenses.  CARES Act § 1106(b), (d) (emphasis added); Flexibility Act § 3(b).

70.     Oak Lawn used at least 60 percent of its PPP loan proceeds for payroll.

71.     Because it properly and lawfully utilized its loan proceeds, which it was eligible to receive at the time it applied for its PPP loan, Oak Lawn applied for loan forgiveness June 24, 2021.  Its loan forgiveness application was approved by the Lender.

72.     However, notwithstanding Oak Lawn being eligible for a PPP loan at the time of its loan application, SBA first indicated its intent to retroactively apply the Sixth IFR to Oak Lawn on February 3, 2022, when it denied Oak Lawn's loan forgiveness application.

73.     Defendants' actions to retroactively apply the Sixth IFR to determine that Oak Lawn was ineligible for its PPP loan are not in accordance with law, including the CARES Act, the APA and the Interim Final Rule itself.  Oak Lawn is entitled to an order declaring the same.

74.     Oak Lawn is entitled to a permanent injunction enjoining Defendants from retroactively applying the Sixth IFR.

**COUNT TWO**
**Agency Action Contrary to Law**
**Sixth IFR Contrary to CARES Act**
**5 U.S.C. §706(2)(A), (C)**

75.     Oak Lawn incorporates the foregoing paragraphs as if fully set forth herein.

76.     The APA authorizes judicial review of federal agency actions.  5 U.S.C. §702.

77.     The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." *Id*. § 706(2)(A), (C).

78.     The CARES Act provides that "in addition to small business concerns, *any* business concern . . . *shall* be eligible to receive a covered loan," CARES Act § 1102(a)(36)(D)(i) (emphasis added), subject only to the conditions that a business meet the CARES Act's size requirement, make the required good-faith borrower certification, and have been in operation as of February 15, 2020.

79.     The CARES Act, as amended, also provides that all such "eligible recipient[s] shall be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll expenses.  CARES Act § 1106(b), (d) (emphasis added); Flexibility Act § 3(b).

80.     Oak Lawn used at least 60 percent of its PPP loan proceeds for payroll.

81.     Nothing in the CARES Act authorizes the SBA to impose additional eligibility criteria for PPP loans or forgiveness, including the Sixth IFR.

82.     The Sixth IFR exceeds the Defendants' authority under the CARES Act because the IFR would limit PPP loans in a way that is contrary to the CARES Act, as Congress's only monetary limitation on PPP loan amounts was $10,000,000 per single eligible borrower.  *See* CARES Act § 1102(1)(E)(ii); 15 U.S.C. § 636(a)(36)(E)(ii).

83.     Congress never adopted a PPP loan limitation for "corporate groups."

84.     The SBA's corporate group limitation in the Sixth IFR is not authorized by any statute, and is in excess of statutory jurisdiction and authority.  5 U.S.C. § 706(2)(C).

85.     Defendants' actions to exclude businesses – such as Oak Lawn – primarily engaged in the business of skilled nursing, respiratory, and rehabilitation, who are entitled to loan forgiveness are not in accordance with law, including the CARES Act and the APA.  Oak Lawn is entitled to an order declaring the same.

86.     Oak Lawn is entitled to a permanent injunction enjoining Defendants from applying the Sixth IFR against it, and the Sixth IFR must be vacated, set aside, and not used as basis to deny Oak Lawn's request for forgiveness of its PPP loan.

**COUNT THREE**
**Arbitrary & Capricious Agency Action**
**5 U.S.C. §706(2)(A)**

87.     Oak Lawn incorporates the foregoing paragraphs as if fully set forth herein.

88.     The APA authorizes judicial review of federal agency actions.  5 U.S.C. §702.

89.     The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious," or "an abuse of discretion."  *Id.* § 706(2)(A).

90. The CARES Act provides that "in addition to small business concerns, *any* business concern . . . *shall* be eligible to receive a covered loan," 15 U.S.C. § 636(a)(36)(D)(i) (emphasis added), subject only to the conditions that a business meet the Act's size requirement, makes the required good-faith borrower certification, and have been in operation as of February 15, 2020.

91. The CARES Act, as amended, also provides that all such "eligible recipient[s] shall be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll expenses. CARES Act § 1106(b), (d) (emphasis added); Flexibility Act § 3(b).

92. Oak Lawn used at least 60 percent of its PPP loan proceeds for payroll.

93. The CARES Act does not authorize the SBA to impose additional eligibility criteria for PPP loans or forgiveness, including the Sixth IFR.

94. Defendants' exclusion of Oak Lawn as an eligible business is an abuse of discretion.

95. Further, Defendants' reliance on an "partnership" theory between Oak Lawn's owners after Oak Lawn definitively showed it had no majority owners or a common parent is similarly an abuse of discretion.

96. Oak Lawn is entitled to a permanent injunction enjoining Defendants from applying the Sixth IFR against it.

### COUNT FOUR
### Attorney Fees
### 28 U.S.C. § 2412

97. Oak Lawn incorporates the foregoing paragraphs as if fully set forth herein.

98. Oak Lawn is entitled to recover its attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.

99.     As a result of Defendants' unlawful, arbitrary, and capricious actions, Oak Lawn is required to obtain legal counsel to bring the foregoing lawsuit to obtain forgiveness of its PPP loan.  It is therefore entitled to its reasonable and necessary attorney fees, costs, and expenses by this Court.

WHEREFORE, Oak Lawn Estates Nursing and Rehabilitation Center, LLC respectfully requests this Court enter judgment in its favor and against Defendants the United States Small Business Administration, Isabella Casillas Guzman in her official capacity as Administrator of the SBA, Janet Yellen in her official capacity as United States Secretary of Treasury, and the United States of America, and enter an Order declaring that the Sixth IFR is not in accordance with law and that it is arbitrary and capricious, permanently enjoining the SBA from enforcing the Sixth IFR against Oak Lawn in determining eligibility, declaring that Defendants' determination of an "partnership" between Oak Lawn's owners is an abuse of discretion and not in accordance of law, and awarding Oak Lawn its reasonable attorney fees and costs, and for such other, further and different relief as the Court deems just and equitable.

Dated this 7th day of July, 2023.

Oak Lawn Respiratory and Rehabilitation Center, LLC, Plaintiff,

By: /s/ *Tiffany S. Beerman*
    Tiffany S. Beerman, #26548
    John A. Svoboda, #19888
    Dvorak Law Group, LLC
    9500 W. Dodge Rd., Ste. 100
    Omaha, Nebraska 68114
    Tel: 402-934-4770
    Fax: 402-933-9630
    tbeerman@ddlawgroup.com
    jsvoboda@ddlawgroup.com

AND

    Jason M. Sax, #6243815
    Zwelling Law, PLLC
    161 North Clark Street, Ste. 1600
    Chicago, IL 60601
    Tel: (312) 345-7231
    Fax: (312) 981-0051
    saxJ@zwellinglaw.com

Attorneys for Plaintiff.

# United States Small Business Administration
# Office of Hearings and Appeals



**EXHIBIT**

**A**

PAYCHECK PROTECTION
PROGRAM APPEAL OF:

Oak Lawn Respiratory and
  Rehabilitation Center, LLC

    Appellant

Appealed from:

SBA PPP Loan Number 6469857301

Issued: August 3, 2022

Docket No. PPP-6469857301

## APPEARANCES

Larry Harris, Esq., for Oak Lawn Respiratory and Rehabilitation Center, LLC
Sameena Nabijee, Esq., Office of General Counsel, for the U.S. Small Business Administration

## DECISION

### I. Introduction and Jurisdiction

On February 3, 2022, the U.S. Small Business Administration (SBA) Office of Capital Access issued a final Paycheck Protection Program (PPP) loan review decision that found Oak Lawn Respiratory and Rehabilitation Center, LLC (Appellant) ineligible for its $954,000 PPP loan, because Appellant "is a part of a corporate group [which] has received more than $20,000,000 of PPP loans in the aggregate." Administrative Record (AR) at 19.

On March 7, Appellant filed a timely appeal petition, together with several business documents, with the Office of Hearings and Appeals (OHA) of SBA; OHA conducts PPP appeals under the authority of 13 C.F.R. Part 134, Subpart L, and the appeal petition was assigned to me.

For the reasons discussed below, I **DENY** Appellant's appeal petition and **AFFIRM** the final SBA loan review decision.

### II. Background

On April 19, I issued a Notice and Order to establish: (a) a deadline for SBA's production of the administrative record; (b) a deadline for any objections to the administrative record by Appellant; (c) a deadline for SBA's response, if any, to the appeal petition; and (d) the date for the closing of the record. *See* Notice and Order.

On May 3, SBA filed the administrative record, and on May 19 Appellant filed an objection to the record and a motion to strike portions of it. *See* Objection to Administrative Record and Motion to Strike Portion of Administrative Record. On May 20, I denied Appellant's objection and motion for the reasons set forth in my docketed order. *See* Order Denying Appellant's Objection to the Administrative Record and Motion to Strike.

Docket No. PPP-6469857301

On June 1, SBA filed a consent motion for an extension of time to file a response to the appeal petition, *see* Consent Motion for Extension of Time to File SBA's Optional Response, which I granted on June 2. SBA then filed a response to the petition on June 17. *See* Response.

On June 27, Appellant filed a motion for leave to file a reply to SBA's response, together with the reply. *See* Appellant's Motion for Leave to File Reply; Appellant's Reply to SBA's Response. I granted the motion on June 29.

### A. The Final SBA Loan Review Decision

As stated above, SBA found that Appellant was a part of a corporate group that had received more than $20,000,000 in PPP loans, and was thus ineligible for its $954,000 PPP loan. SBA therefore "determined that forgiveness in the amount of $0.00 is appropriate." AR at 19. While not explicitly stated in the final loan review decision, the forgiveness denial was based on the SBA Interim Final Rule that stated:

> [B]usinesses that are part of a single corporate group shall in no event receive more than $20,000,000 of PPP loans in the aggregate. For purposes of this limit, businesses are part of a single corporate group if they are majority owned . . . by a common parent.

Interim Final Rule, 85 Fed. Reg. 26324, 26325, May 4, 2020.

### B. The Appeal Petition

Appellant is 50%-owned by an individual, Michael Blisko ("Blisko"), and 50%-owned by a limited partnership, the Gubin Enterprises Limited Partnership ("Gubin Enterprises").[1] *See* Oak Lawn PPP Forgiveness Appeal 64698573 at 3 (hereinafter "Appeal"). Appellant argues that because there are two owners of Appellant, neither of which owns a majority interest, there is no a "legally created and cognizable entity that holds a majority interest (directly or indirectly) in Appellant or any of the affiliates of Appellant." *Id.*

Appellant reasserts this argument in its reply – maintaining that "a 'parent' is a singular (non-human) entity that owns a controlling interest in its subsidiaries" and insisting that "Nothing, absolutely nothing, suggests that an individual human alone, or with one or more other humans or entities, can constitute a parent entity." Appellant's Reply to SBA's Response (hereinafter "Reply") at 4.

Citing a federal district court decision and a related Sixth Circuit decision, Appellant then separately argues that SBA had no authority to promulgate the Interim Final Rule regarding corporate groups, and that it "is illegal and null and void." Appeal at 4-5.

### III. Discussion

### A. Standard of Review

Appellant has the burden of proving all elements of its appeal. Specifically, Appellant must show that the final SBA loan review decision was based on a clear error of fact or law. *See* 13 C.F.R. § 134.1210.

---

[1] Although it is not clear from the administrative record, Moishe Gubin is apparently the general partner of Gubin enterprises. *See* AR at 665.

- 2 -

Docket No. PPP-6469857301

## B. Analysis

### There is Nothing Innate in the Term "Common Parent" That Precludes It from Being a Combination of a Natural Person and a Legally Created Entity.

Appellant's argues that a "common parent" must be one, and only one, non-human entity. Besides its own grammatical and dictionary-based exegesis, *see* Appeal at 3-4, Appellant offers no legal support for this position.

But Appellant's parent is, in substance and practicality, one non-human entity – a functioning partnership between Blisko and Gubin Enterprises, whether or not the partnership is the subject of a formal written agreement, or whether the two intended that they form a partnership.

In that regard, whether a partnership exists is a question of fact, and depends on the parties' intent to carry on a business jointly for profit, not their intent to form a partnership. *Auto Industries Supplier ESOP v. Snapp Systems, Inc.*, 2006 U.S. Dist. LEXIS 89610 at *6 (E.D. Mich., Dec. 12, 2006), *citing Byker v. Mannes*, 465 Mich. 637, 638-39 (2002).

*See Rindlisbacher v. Steinway & Sons Inc.*, 497 F. Supp. 3d 479, 506 (D. Ariz. 2020) ('Under Arizona law, 'the association of two or more persons to carry on as co-owners a business for profit forms a partnership.'") (citation omitted); *Sacramento E.D.M., Inc. v. Hynes Aviation Industries, Inc.*, 965 F. Supp 2d 1141, 1150 (E.D. Cal. 2013) ("A partnership is defined as 'an association of two or more persons to carry on as co-owners a business for profit' and it is well-settled that the existence of a partnership is a question of fact") (internal citations omitted). *See also In re Granoff*, 2022 U.S. Dist. LEXIS 37689 at *15-*16 (E.D. Tenn., Mar 3, 2022) (A partnership is the association of two or more persons to carry on as co-owners of a business for profit, whether or not the persons intend to form a partnership).

It is no coincidence that the partnership definition is the same in these four jurisdictions; it is derived from the Uniform Partnership Act, a product of the Uniform Law Commission in 1914,[2] which has been adopted by every state legislature except Louisiana.[3] (It is not clear of which state Blisko is a citizen and in which state Gubin Enterprises is registered as a limited partnership, but given the near-universal adoption of the Uniform Partnership Act, it is immaterial.)

I therefore hold that Blisko and Gubin Enterprises, for purposes of the May 4, 2020, Interim Final Rule, constitute a partnership, and as such, the partnership is the "common parent" of Appellant and 203 other companies in a "corporate group," of which companies the partnership of Blisko and Gubin Enterprises owns 100%. AR at 665.[4] Such companies have obtained 61 PPP loans totaling over $41,000,000, including Appellant's loan, *see* AR at 665, 675, a funding that Appellant does not dispute.

---

[2] *See* https://www.uniformlaws.org/aboutulc/overview.

[3] See "Summary: Uniform Partnership Act, at https://www.uniformlaws.org/committees/community-home?CommunityKey=52456941-7883-47a5-91b6-d2f086d0bb44.

[4] Appellant disputes this number as "a vast overstatement," Reply at 2 n.3, without attempting to provide the correct number, because Appellant considers that the "exact number is irrelevant." Appellant states, however, that the Blisko/Gubin Enterprises holdings are "well less than 100," whatever "well less" means. (It would seem that Appellant should have readily available the exact number of Blisko/Gubin Enterprises holdings.)

Docket No. PPP-6469857301

These is hardly the product of a casual business relationship, and it is indisputable that Blisko and Gubin Enterprises intend that the nursing homes and rehabilitation centers that their partnership owns and operates – however many there are – be profitable.

It Is Beyond My Authority to Adjudicate Appellant's Argument
That SBA's "Corporate Group" Regulation Violates the CARES Act.

Appellant's argues that SBA's regulation that limits PPP loans of borrowers in a corporate group to $20,000,000 conflicts with the CARES Act, and it is therefore "illegal and null and void," Appeal at 4-5. I am not empowered to entertain this argument., however.

As an employee of SBA, I am bound to make all my decisions in conformity and compliance with the agency's published rules and regulations, such as the "corporate group" regulation; I have no authority to modify, abate, or ignore them, whether or not I believe them to be unlawful.

Of particular relevance in this is regard is an extensive opinion of the Department of Justice's Office of Legal Counsel, which states in pertinent part:

> Administrative law judges have no constitutionally based judicial power, *see Ramspeck v. Federal Trial Examiners Conference,* 345 U.S. 128, 132-33 (1953), but are employees of the executive branch department or agency employing them. . . . As such, ALJs are bound by all policy directives and rules promulgated by their agency, including the agency's interpretations of those policies and rules. *See Nash v. Bowen,* 869 F.2d 675, 680 (2d Cir.), *cert, denied,* 493 U.S. 813 (1989); *Mullen v. Bowen,* 800 F.2d 535, 540- 41 n.5 (6th Cir. 1986); *Brennan v. Department of Health and Human Services,* 787 F.2d 1559 (Fed. Cir.), *cert, denied*, 479 U.S. 985 (1986); *Goodman* v. *Svahn,* 614 F. Supp. 726, 728 (D.D.C. 1985); *Association of Administrative Law Judges, Inc.* v. *Heckler,* 594 F. Supp. 1132, 1141 (D.D.C. 1984); *c f D'Amico* v. *Schweiker,* 698 F.2d 903, 906 (7th Cir. 1983). *Accord* 34 C.F.R. § 81.5(b) (embodying in Department regulations the requirement that ALJs adhere to policies and rules of the agency). ALJs thus do not exercise the broadly independent authority of an Article III judge, but rather operate as subordinate executive branch officials who perform quasi-judicial functions within their agencies. In that capacity, they owe the same allegiance to the Secretary's policies and regulations as any other Department employee.

*Auth. of Educ. Dep't Admin. L. Judges in Conducting Hearings*, 14 U.S. Op. Off. Legal Counsel 1, 2–3 (1990), 1990 WL 750326, at *1–6, https://www.justice.gov/file/20131/download.

Although the opinion was addressed to the Department of Education, the analysis in the opinion is equally applicable to ALJs and hearing officers in all federal agencies.

Appellant's adjudication of the validity of the "corporate group" regulation must therefore come from an action that it brings in Federal district court, if it so chooses. *See* 13 C.F.R. § 134. 1211(g).

IV. Conclusion

Appellant did not show that SBA's final loan review decision denying Appellant forgiveness of its PPP loan was based on a clear error of fact or law; Appellant was ineligible for its loan under

Docket No. PPP-6469857301

the "corporate group" regulation. Because Appellant was not eligible for its PPP loan, it was therefore ineligible for forgiveness of its loan; a PPP loan amount for which a borrower was not entitled cannot be forgiven. *See* Interim Final Rule, 85 Fed. Reg. 33010, 33012-13, June 1, 2020, section III, para. (1)(E).

Accordingly, Appellant's appeal petition is **DENIED** and SBA's final loan review decision denying Appellant forgiveness of its loan is **AFFIRMED**.

This is an initial decision. Appellant may request reconsideration of my decision by e-mailing a petition for reconsideration to OHAPPPInquiries@sba.gov no later than <u>Monday, August 15, 2022</u>. <u>The petition for reconsideration must clearly show an error of fact or law material to the decision.</u> *See* 13 C.F.R. § 134.1211(c)(1).

However, unless a petition for reconsideration is filed, or the SBA Administrator, solely within her discretion, decides to review or reverse my decision, this decision shall become the final decision of SBA on <u>Friday, September 2, 2022</u>. *See id.* § 134.1211(b).

**SO ORDERED**.

_____
Roger W. Mehle
Administrative Judge