UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OAK LAWN RESPIRATORY AND REHABILITATION CENTER, LLC, | |
| Plaintiff, | No. 23 CV 4363 |
| v. | Judge Georgia N. Alexakis |
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION; ISABELLA CASILLAS GUZMAN, in her official capacity as Administrator of the Small Business Administration; JANET YELLEN, in her official capacity as the United States Secretary of the Treasury; and THE UNITED STATES OF AMERICA, | |
| Defendants. | |
| PARKSHORE ESTATES NURSING AND REHABILITATION CENTER, LLC, | |
| Plaintiff, | No. 23 CV 4367 |
| v. | Judge Georgia N. Alexakis |
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION; ISABELLA CASILLAS GUZMAN, in her official capacity as Administrator of the Small Business Administration; JANET YELLEN, in her official capacity as the United States Secretary of the Treasury; and THE UNITED STATES OF AMERICA, | |
| Defendants. | |

**ORDER**

The Court denies Oak Lawn's motion for summary judgment [32] and grants defendants' motion for summary judgment [43] as to all counts. Likewise, the Court denies Parkshore's motion for summary judgment [31] and grants defendants' motion for summary judgment [42] as to all counts. The SBA's decisions denying Oak Lawn and Parkshore loan forgiveness are affirmed.

**STATEMENT**

### A. Background[1]

Oak Lawn Respiratory and Rehabilitation Center, LLC ("Oak Lawn") and Parkshore Estates Nursing and Rehabilitation Center, LLC ("Parkshore") are Chicago-area skilled nursing and rehabilitation centers. During the COVID-19 pandemic, both entities applied for forgivable small business loans through the Paycheck Protection Program ("PPP"), which was administered by the Small Business Administration ("SBA"). However, both were denied loan forgiveness pursuant to the SBA's Corporate Group Rule, which limited the amount a single "corporate group" could receive in aggregate PPP loans to $20 million. The SBA found that both Oak Lawn and Parkshore were part of a corporate group because they were majority owned by a "common parent." In both cases, the "common parent" was an implied partnership between Michael Blisko and Gubin Enterprises Limited Partnership ("Gubin Enterprises").

Oak Lawn and Parkshore each filed suit under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), (C). Specifically, they both challenge the SBA's statutory authority to implement the Corporate Group Rule. *Id.* § 706(2)(C). In addition, they both claim the SBA erred in applying the rule to them. *Id.* § 706(2)(A). In October 2023, both cases were deemed related and defendants' motion to reassign the *Parkshore* case to the same district judge who had been assigned the *Oak Lawn* case was granted, pursuant to NDIL Local Rule 40.4. *See Oak Lawn Respiratory and Rehab. Ctr., LLC v. U.S. Small Bus. Admin., et al.*, No. 23 CV 04363, [20] (N.D. Ill.) ("*Oak Lawn*"). Defendants in *Parkshore* subsequently moved to consolidate the cases pursuant to Federal Rule of Civil Procedure 42(a). *See Parkshore Ests. Nursing and Rehab. Ctr., LLC v. U.S. Small Bus. Admin., et al.*, No. 23 CV 4367, [35] (N.D. Ill.) ("*Parkshore*"). The district court assigned to the matter at the time denied consolidation. *Id.* at [40]. Although it acknowledged that "many issues across the

---

[1] A more thorough recitation of the factual background—including the SBA's loan program and the PPP—can be found in the Court's Memorandum Opinion and Order granting the defendants' motion for summary judgment in a related matter: *Forest View Rehab. and Nursing Ctr., LLC v. U.S. Small Bus. Admin. et al.*, No. 24 CV 1490, [59] (N.D. Ill.) ("*Forest View*").

briefing in the two cases [ ] overlap," in its view, "at least some questions [ ] turn on the individual factual and administrative records." *Id.*

In February 2024, a third similar case was filed in this district alleging that Forest View Rehabilitation and Nursing Center ("Forest View")—also co-owned by Blisko and Gubin Enterprises—had been unlawfully denied forgiveness of its pandemic-era PPP loan by the SBA. *See Forest View*, No. 24 CV 1490 at [1]. The following May, that case was also deemed related to *Oak Lawn* and *Parkshore* and was reassigned to the same district judge. *See Oak Lawn*, No. 23 CV 4363 at [53]. In August 2024, all three cases were reassigned to this Court's calendar. *See, e.g., id.* at [60].

Oak Lawn, Parkshore, and Forest View have each moved for summary judgment, and defendants in all three cases have responded with their own cross-motions for summary judgment. In a memorandum opinion and order released on December 30, 2024, the Court denied Forest View's motion for summary judgment and granted defendants' motion for summary judgment in full. *See Forest View*, No. 24 CV 1490 at [59]. Now before the Court are the plaintiffs' motions and defendants' cross-motions for summary judgment in the *Oak Lawn* and *Parkshore* cases.

B. Analysis

The Court has reviewed the separate summary judgment briefing in *Oak Lawn* and *Parkshore* and concludes there are no legal or factual differences warranting an outcome different from the Court's grant of summary judgment in favor of defendants in *Forest View*, No. 24 CV 1490 at [59]. For an extended discussion of its reasoning, the Court directs the parties to the memorandum opinion and order released in that case. *See generally id.* The Court includes an abbreviated discussion of the issues below.

Oak Lawn and Parkshore argue that summary judgment is appropriate because (1) the SBA lacked statutory authority to enforce the Corporate Group Rule,[2] (2) the rule was arbitrary and capricious, (3) the SBA improperly applied the rule retroactively, and (4) the SBA erred in applying the rule to them because they are not a part of a corporate group. Defendants rebut each of these points. In addition, they argue that injunctive relief is not available to Oak Lawn and Parkshore, in part because Congress' limited waiver of sovereign immunity in 15 U.S.C. § 634(b)(1) did

---

[2] In their motions for summary judgment, Oak Lawn and Parkshore also argue that "the plain language of the CARES Act PPP eligibility provision precludes business-type eligibility restrictions as unlawful." *See, e.g., Oak Lawn*, No. 23 CV 4363, [32-2] at 14. Because the Court sees this argument as one and the same with plaintiffs' argument that the SBA lacked statutory authority to implement the Corporate Group Rule, it addresses the two arguments together.

3

not waive the SBA's sovereign immunity as to injunctions. The Court addresses these issues in the analysis that follows.

As for plaintiffs' arguments that (1) the SBA exceeded its statutory authority in enacting the Corporate Group Rule and (2) the rule was arbitrary and capricious, those claims turn on common questions of law and are therefore not affected by any factual differences between the three related cases. Upon review of Oak Lawn and Parkshore's motions for summary judgment, the legal arguments the parties make are essentially identical to those Forest View made in its motion.[3] The Court finds significant, as it did in *Forest View*, that the PPP "was added into the existing § 7(a) program" and thus its provisions should be interpreted in light of Congress' broad grant of authority to the SBA reflected in the existing statutory scheme. It therefore rejects plaintiffs' reading of 15 U.S.C. § 636(a)(36)(D)(i) as mandating that "*any* business concern" be eligible for PPP relief. (Emphasis added.) The Court's conclusion is consistent with *Pharaohs GC, Inc. v. United States Small Business Administration*, 990 F.3d 217, 226–28 (2d Cir. 2021); *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1256–62 (11th Cir. 2020); *Tradeways, Ltd. v. United States Department of the Treasury*, No. CV ELH-20-1324, 2020 WL 3447767, at *12–15 (D. Md. June 24, 2020); and *Defy Ventures, Inc. v. United States Small Business Administration*, 469 F. Supp. 3d 459, 472–74 (D. Md. 2020). And for the reasons articulated in *Forest View,* the Court remains unpersuaded by *DV Diamond Club of Flint, LLC v. Small Business Administration*, 960 F.3d 743, 746 (6th Cir. 2020), and *National Association of Home Builders v. United States Small Business Administration*, No. 20-11780, 2021 WL 4458660, at *7–11 (E.D. Mich. Sept. 28, 2021).

Turning to plaintiffs' argument that the SBA retroactively applied the Corporate Group Rule, the underlying facts regarding the application timeline make no difference to the legal analysis. Like Forest View, Oak Lawn and Parkshore both applied for PPP loans before the SBA promulgated the Corporate Group Rule on May 4, 2020. *See Oak Lawn*, No. 23 CV 4363 at [46] ¶ 18; *Forest View*, No. 23 CV 4367 at [46] ¶¶ 1, 3. And, like Forest View, in both cases the loan proceeds were disbursed on May 18, 2020, which was after the rule's April 30, 2020, effective date. *See Oak Lawn*, No. 23 CV 4363 at [46] ¶ 20; *Forest View*, No. 23 CV 4367 at [46] ¶ 5.

---

[3] Oak Lawn and Parkshore (but not Forest View) submitted their motions for summary judgment before the Supreme Court's decision overruling the *Chevron* doctrine in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2273 (2024). The Court therefore applies the legal framework in *Loper Bright* to plaintiffs' claims that defendants exceeded their statutory authority in enacting the Corporate Group Rule. Under *Loper Bright*, "courts need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Id.* However, "[w]hen the best reading of a statute is that it delegates discretionary authority to an agency, the role of the reviewing court under the APA is, as always, to independently interpret the statute and effectuate the will of Congress subject to constitutional limits." *Id.* at 2263.

4

For the reasons discussed in more detail in the *Forest View* opinion, even assuming plaintiffs have not forfeited or waived their retroactivity argument by failing to advance it before the SBA's Office of Hearings and Appeals, the SBA did not misapply the rule retroactively. When the SBA drafted the rule, it based applicability on the date of the loan's disbursement, not the date of an entity's initial application to a third-party bank. *See* 85 Fed. Reg. 26,324. To the extent Oak Lawn and Parkshore claim that they have vested rights in reimbursement based on the regulations in place at the time of application, binding case law dictates that the filing of an application is "simply a preliminary step" and not the type of event in which plaintiffs can assert a vested right. *Durable Mfg. Co. v. U.S. Dep't of Lab.*, 578 F.3d 497, 503 (7th Cir. 2009).

The final issue to address is plaintiffs' argument that they were not part of a corporate group and that the SBA therefore erred in applying the rule to them. Here, the Court rejects this argument based on the same reasoning in *Forest View*: together, Blisko and Gubin Enterprises form an implied partnership that falls within the plain meaning of "common parent." *See* 85 Fed. Reg. 26,325. And, in both cases, the partnership combines to own a majority share of the entity. Like Forest View, Oak Lawn is co-owned by Blisko (50%) and Gubin Enterprises (50%), meaning the partnership combines to own 100% of Oak Lawn. Meanwhile, Parkshore is co-owned by Blisko (40%), Gubin Enterprises (40%), and A&F Realty LLC (20%), meaning the partnership combines to own 80% of Parkshore. Because Oak Lawn and Parkshore are "majority owned" by the Blisko-Gubin Enterprises partnership, the SBA did not err in applying the Corporate Group Rule to them.[4]

## CONCLUSION

The Court denies Oak Lawn's motion for summary judgment [32] and grants defendants' motion for summary judgment [43] as to all counts. The Court also denies Parkshore's motion for summary judgment [31] and grants defendants' motion for summary judgment [42] as to all counts. The SBA's decisions denying Oak Lawn and Parkshore loan forgiveness are affirmed. Civil cases terminated.

Date: 12/30/24

Georgia N. Alexakis
United States District Judge

---

[4] Because the Court finds for defendants on the merits, it has no occasion to address the argument that injunctive relief is not available to plaintiffs (because of sovereign immunity or on other grounds).